UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID DURHAM, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:13-CV-300-JEM |
| | ) | |
| LAKE COUNTY INDIANA, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Exclude the Trial Testimony of Plaintiffs' Proposed Expert Witness Patricia Slate [DE 133], filed by Defendant on May 20, 2022, and a Motion to Exclude Defendant's Expert Witness, Robert Viega, pursuant to Fed. Rule of Evidence 702 [DE 135], filed by Plaintiffs on May 20, 2022. Defendant seeks to exclude the testimony of Plaintiffs' expert, Patricia Slate. Plaintiffs seek to exclude the testimony of Defendant's expert, Robert Viega. The parties filed their respective responses on June 3, 2022, and on June 10, 2022, filed their respective replies.

**I.**  **Background**

Plaintiffs, current and former employees of Lake County Highway Department, filed their Complaint on August 23, 2013, alleging that Defendant Lake County is liable for failing to pay them for all time they worked pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Indiana Minimum Wage Act, I.C. § 22-2-2-1 *et seq*.

Plaintiff designated Patricia Slate, a former supervisor at the U.S. Department of Labor (DOL), as an expert witness. She interviewed four of the Plaintiffs, investigated the allegations and prepared a report and supplemental report detailing her findings. Defendant now seeks to have

1

her testimony excluded from presentation at trial.

Defendant designated Robert Viega, a DOL investigator from 1997 to 2007, as a rebuttal expert witness. He conducted interviews, reviewed the pleadings and DOL materials, and prepared a report. Plaintiffs now seek to have his testimony excluded from presentation at trial.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.    Analysis

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the standards set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 provides that courts should admit expert testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

### A.    Defendant's Motion to Exclude

Defendant contends that Slate's opinion is inadmissible because her methodology was improper, and her opinions are improper legal conclusions and therefore invade the province of the jury. Plaintiffs argue that Slate's methods and the depths of her investigation were sufficient, and that her opinions are admissible under Rule 704(a), even though they go toward an ultimate

2

issue. Plaintiffs agree that Slate cannot testify as to whether Plaintiffs were exempt or non-exempt employees but argue that she can testify that if a certain set of facts are found to be true, that would satisfy the standard of whether someone is exempt.

In order to be relevant, the expert testimony must "assist the trier of fact with its analysis of any of the issues involved in the case," *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000), and reveal something more than "what is obvious to the lay person," *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) (quoting *Ancho v. Pentek Corp.*, 157 F.3d 512, 519 (7th Cir. 1998) (internal quotation marks omitted)). "This 'fit' analysis essentially represents an inquiry similar to if not indistinguishable from the basic evidentiary inquiries into whether evidence is relevant and, if so, whether its probative value is nonetheless substantially outweighed by, among others, the danger of unfair prejudice and jury confusion." *Rogers v. Quality Carriers, Inc.*, No. 4:15-CV-22, 2017 WL 2960264, at *2 (N.D. Ind. July 11, 2017) (citing *Daubert*, 509 U.S. at 595; *Ayers v. Robinson*, 887 F. Supp. 1049, 1058-59 (N.D. Ill. 1995)); *see also United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996) ("Unless the expertise adds something, the expert at best is offering a gratuitous opinion, and at worst is exerting undue influence on the jury that would be subject to control under [Federal Rule of Evidence] 403."); *Amakua Dev. LLC v. Warner*, No. 05 C 3082, 2007 WL 2028186, at *6 (N.D. Ill. July 10, 2007) (citing *Taylor v. Ill. Cent. R.R. Co.*, 8 F.3d 584, 586 (7th Cir. 1993) ("Expert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony."). In addition, "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (citing *United States v. Sinclair*,

3

74 F.3d 753, 757 n. 1 (7th Cir.1996).)

Defendant argues that Slate's methodology was flawed because she lacked sufficient evidence to come to a conclusion because she interviewed only four of the eight plaintiffs, did not investigate the process by which Lake County set the job descriptions of the plaintiffs, and failed to identify any recognized methodology for her analysis. Plaintiffs argue that Defendant has offered no legal authority for its argument that Slate's evidence was insufficient, that Slate investigated Plaintiffs' actual job duties, and that her methodology is fully set forth in her reports.

Defendant argues that Slate admitted to only interviewing only four of the eight Plaintiffs and could not remember how much time she spent with each of them but offers no authority for its argument that interviewing fewer than all of the plaintiffs gives a potential expert insufficient evidence from which to draw conclusions. Defendant argues further that Slate did not take into account the Defendant's process and analysis when it created the job descriptions for each Plaintiff's role. Plaintiffs argue that since none of the plaintiffs were ever given their job descriptions, their actual job duties were more important to reaching a conclusion as to whether they are exempt or non-exempt, but that Slate based her conclusions on the actual duties, which she investigated, rather than the descriptions. The actual job duties performed by any Plaintiff are at least as relevant as formal job descriptions of which Plaintiffs may not have been aware and Slate's consideration of the job duties rather than the job descriptions is not a flaw in her methodology.

Although interviewing more of the plaintiffs or an analysis of the job descriptions rather than job functions actually performed may have produced a different result, and those differences could be a basis for cross-examination, the existence of differing methodological choices do not

4

show that Slate's opinion is not based on "sufficient facts or data," or that it is not the product of reliable methods or principles. Fed. R. Evid. 702. The "factual underpinnings of expert testimony" should generally be evaluated by the trier of fact. *Smith*, 215 F.3d at 718 (7th Cir. 2000); *see also Walker v. Soo Line R. Co.*, 208 F.3d 581, 586–87 (7th Cir. 2000) (citing *Daubert*, 509 U.S. at 596) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").

Defendant also argues that Slate failed to adequately explain her methodology and how she arrived at her overtime compensation entitlement conclusions for Plaintiffs. In her report, Slate describes her methodology, stating that she considered DOL resources, including statutes and administrative opinions as well as filings in this case, and lists those materials on separate exhibits to her report. Def. Ex. A p. 5-7 [DE 134-1]. The Court finds that Slate adequately explained her method and that it is sufficiently supported within the FLSA enforcement community. *See Daubert*, 509 U.S. at 590 (holding that while scientific testimony must meet a "standard of evidentiary reliability," the subject does not need to be "'known' to a certainty").

Defendant ultimately does not show that Slate's methodology is "unreliable" or that it must be excluded rather than addressed with contrary evidence and argument. "The critical point is that [the expert] employed a proper methodology . . . to rely on the test that he administered and upon the sources of information which he employed." *Walker*, 208 F.3d at 587. Instead, Defendant may challenge Slate's opinion on cross-examination. *Daubert*, 509 U.S. at 596.

Defendant also argues that Slate's testimony goes to the ultimate conclusion of whether Plaintiffs (or any of them) were exempt or non-exempt employees for purposes of the payment of

5

overtime compensation. In support of this argument, Defendant cites several opinions granting motions to exclude former DOL employees from testifying as to whether a party is exempt or non-exempt for purposes of overtime compensation, but do not cite any Seventh Circuit opinions in support of this argument. The Federal Rules of Evidence permit expert testimony which opines on relevant facts, even if those facts go to an ultimate question of law. Fed. R. Evid. 704. Plaintiffs argue that Slate's testimony as to whether an employee would meet the standard of being exempt or non-exempt from the payment of overtime compensation based on certain facts would be admissible but agree that she may not testify as to whether any Plaintiff was actually an exempt or non-exempt employee. The focus of a Rule 704 inquiry should be

> whether the testimony contains language that has a "separate, distinct, and specialized meaning in the law different from that present in the vernacular" or whether the words also have an everyday meaning. . . . "Even if the everyday understanding of a term and its legal meaning are congruent, exclusion is inappropriate where the opinion will not consist of a naked conclusion (i.e., the defendant's conduct was reasonable, was negligent, etc.) but will be based on adequately explored legal criteria.' That is, they will explain the reasons underlying the ultimate conclusion. Moreover, the court will instruct the jury on the appropriate meaning of the legal standard and that the jury is free to reject the testimony of the expert. Consequently, the risk of jury confusion is not present."

*CDX Liquidating Tr. v. Venrock Assocs.,* 411 B.R. 571, 587-588 (N.D. Ill. 2009) (quoting *Richman v. Sheahan*, 415 F. Supp. 2d 929, at 947 (N.D. Ill. 2006)) (citing *Amakua,* 2007 U.S. Dist. LEXIS 49952 at *11; *In re Commercial Loan Corp.,* 396 B.R. 730, 739 (Bankr. N.D. Ill. 2008).

In this case, there is relevant statutory language which has a "separate, distinct, and specialized meaning in the law different from that present in the vernacular." Slate's opinions, so long as they do not consist of a naked conclusion but are based on "adequately explored legal criteria," are permissible. As the advisory committee's note to Rule 704 provides:

> Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.

Fed. R. Evid. 704 advisory committee's note. Accordingly,

> an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied. "There is no doubt that under Rules 702 and 704 an expert may testify about applicable professional standards and the defendants' performance in light of those standards."

*Amakua,* 2007 U.S. Dist. LEXIS 49952, at *34-35 (quoting *Richman,* 415 F. Supp. 2d at 945) (citing *Burkhart,* 112 F.3d at 1212-13).

Slate's opinions, so long as they are more than a naked conclusion but are based on "adequately explored legal criteria" are permissible. *Richman*, 415 F. Supp. 2d at 947. Questions must be couched more like "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" than "Did T have the capacity to make a will?" Fed. R. Evid. 704, committee advisory note.

In this case, there are technical matters requiring the explanation of an expert and the jury needs assistance in understanding what factors make an employee eligible for overtime compensation. Slate's report addresses those standards. Expert testimony regarding the factors in determining overtime eligibility is useful for assisting the jury in understanding how employers should make that determination. Slate may not, however, testify as to the ultimate issue of whether Plaintiffs were exempt or non-exempt employees. *See, e.g., Hawn v. Speedway LLC*, No. 1:16-CV-359, 2018 U.S. Dist. LEXIS 67320, at *12-13, 2018 WL 1896634, at *6 (N.D. Ind. Apr.

7

21, 2018).

B. <u>Plaintiffs' Motion to Exclude</u>

Plaintiffs argue that Viega is not qualified, his methodology is flawed, and that his opinions are impermissible ultimate conclusions. Defendant argues that Viega is qualified to testify as an expert based on his experience, he is qualified to testify as a lay witness based on his long-term involvement in Defendant's process of determining whether Plaintiffs were exempt or non-exempt, and that his testimony as a rebuttal to Plaintiffs' expert is also appropriate.

Plaintiffs argue that Viega is not qualified as an expert because his education is not relevant to this field and that his time as an investigator for the U.S. Department of Labor does not qualify him to testify as to the matters at issue. Plaintiffs also argue that the fact that Viega has not testified or been presented as an expert in any prior case makes him unqualified. Defendant counters that Viega worked for the DOL for 30 years investigating DOL claims, including overtime cases, and as a supervising investigator training new investigators. Viega also has done post-retirement consulting on FLSA issues for the firm that this Defendant used to conduct its job description and FLSA assessments. Plaintiffs do not cite any legal authority to establish how the work experience of Viega, including both his DOL experience and his post-retirement consultant work, or his lack of prior testimony experience, are insufficient. The Court finds that Viega is qualified to testify as an expert on overtime compensation issues. *See Smith*, 215 F.3d at 718. ("Accordingly, [courts] consider a proposed expert's full range of practical experience as well as academic or technical training when determining whether that expert is qualified to render an opinion in a given area.").

Plaintiffs also argue that Viega's methodology was flawed in that he did not rely upon specific regulatory provisions, had no recollection of a specific change in the applicable test for

determining exempt status, and has done no consulting on this issue in the last four years. Defendant does not address this argument specifically, but the Court finds that, as with Slate's methodology, Viega described his methodology and identified the resources and filings in this case in his report. Pl. Ex. A, p 3-4 [DE 136-1]. The Court finds that Viega adequately explained his method and that it is sufficiently supported within the FLSA enforcement community. *See Daubert*, 509 U.S. at 590 (holding that while scientific testimony must meet a "standard of evidentiary reliability," the subject does not need to be "'known' to a certainty").

Plaintiffs ultimately do not show that Viega's methodology is "unreliable" or that it must be excluded rather than addressed at trial with contrary evidence and argument. "The critical point is that [the expert] employed a proper methodology . . . to rely on the test that he administered and upon the sources of information which he employed." *Walker*, 208 F.3d at 587. Plaintiffs may challenge Viega's opinion on cross-examination. *Daubert*, 509 U.S. at 596.

Defendant argues that Viega can also testify as a lay witness in this matter as to those matters within his personal knowledge because he was involved in the Defendant's processes at issue in this case. Plaintiffs argue that Viega's involvement in Defendant's processes does not offer a "back-door" to any expert opinions he may make. Viega can certainly testify as to matters within his personal knowledge, consistent with the applicable Federal Rules of Evidence.

Plaintiffs finally argue that Viega's testimony would be impermissible legal conclusions. Defendant argues that Viega's testimony would be in the nature of rebuttal of Plaintiffs' expert Slate. The Court has analyzed the permissible boundaries of Slate's testimony above, and the same boundaries would apply to Viega's testimony as an expert.

**III.   Conclusion**

Accordingly, the Court hereby **GRANTS in part and DENIES in part** Defendant's Motion to Exclude the Trial Testimony of Plaintiffs' Proposed Expert Witness Patricia Slate [DE 133], as described herein. The Court hereby **GRANTS in part and DENIES in part** Motion to Exclude Defendant's Expert Witness, Robert Viega, pursuant to Fed. Rule of Evidence 702 [DE 135], as described herein.

SO ORDERED this 21st day of June, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record