UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID DURHAM, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:13-CV-300-JEM |
| | ) | |
| LAKE COUNTY INDIANA, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion in Limine [DE 142], and Defendant's Motion in Limine [DE 139], both filed June 3, 2022. Defendant filed its response to Plaintiff's motion on June 17, 2022; Plaintiffs did not file a response to Defendant's motion, nor a reply in support of their own, and the time to do so has expired.

**I.    Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request in turn.

Some requests for exclusion were either agreed or not objected to. On review of the requests, the Court concludes that evidence, testimony, or argument on the following topics will be excluded:

    A.    Settlement discussions;

    B.    Expert reports, except for purposes of impeachment;

C. Comments about any party's or counsel's character, whether demeaning or complimentary;

D. Counsel's beliefs as to parties' or witnesses' honesty;

E. Evidence of Plaintiffs' attorney-client relationship with their counsel;

F. Comments about Plaintiffs' ability to invest any award, or that the case is a get rich quick scheme or lottery, or whether an award is taxable;

G. Comments about Defendant's ability to pay verdict, negative financial consequences of any award, impact on juror's tax bills as a result of any award, or economic hardship of Defendant;

H. Failure to call a witness;

I. Timing of filing of lawsuit;

J. The motions in limine, pretrial process, or discovery;

K. References or suggestions by counsel about their personal beliefs as to any parties' claims or witness credibility;

L. Testimony of undisclosed expert witnesses, surveillance tapes, photos, statements, or other undisclosed substantive materials;

M. Lay witness evidence requiring scientific, technical or other specialized knowledge of an expert witness;

N. Other Lawsuits, claims or charges against Defendant;

O. Media accounts involving Defendant or its agencies or employees;

P. Insurance;

Q. Liquidated damages, punitive damages, punishment, or similar ideas;

R. Reference to the "Golden Rule," putting jurors in Plaintiffs' shoes, or similar arguments.

There were also some requests that the other party objected to.

AA. <u>Character evidence/Bad Acts/Criminal Convictions of Plaintiffs</u>

Plaintiffs request that any testimony, evidence, or argument regarding bad acts, and prior

criminal charges or convictions of Plaintiffs be excluded. Although evidence of prior bad acts is generally excluded, *see* Fed. R. Evid. 404(b), Defendant argues that evidence of convictions for certain offenses, and when combined with evidence of an arrest, evidence of a prior inconsistent statement as to an arrest, could be admissible for purposes of impeachment. The Federal Rules of Evidence prohibit evidence of prior bad acts to establish character or actions in conformity with those behaviors, Fed. R. Evid. 404(b), or of criminal convictions, except for criminal convictions of crimes punishable by death or imprisonment in excess of one year, or criminal convictions for which the conviction "required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a). Credibility may be addressed by evidence as to truthfulness or untruthfulness only after the character of the witness for truthfulness has been attacked by opinion or reputation or otherwise. Fed. R. Evid. 608. Accordingly, evidence of prior bad acts of any party will be excluded, except for purposes of impeachment or evidence of convictions as set forth in the Federal Rules of Evidence, and "unless and until Defendant alerts the Court and opposing counsel outside the presence of the jury that it seeks to admit particular evidence under Federal Rule of Evidence 404(b)." *Cimaglia v. Union Pac. R. Co.*, 2009 U.S. Dist. LEXIS 14518, at *7, 2009 WL 499287, at *7 (C.D. Ill. Feb. 25, 2009). *See also Jackson v. Allen*, No. 1:09-cv-117, 2011 U.S. Dist. LEXIS 44239, at *19 (N.D. Ind. Apr. 25, 2011) (holding that the slight probative value is outweighed by the risk of undue prejudice if the prior criminal convictions were paraded before the jury).

- BB. <u>Comments that Plaintiffs' counsel is asking for more than expected to win or Comments that Defendant's counsel is "shocked by Plaintiffs' request for damages"</u>

Plaintiffs argue that Defendant should be barred from making any references that they are asking for more than they can expect to win, or that Defendant's counsel is "shocked by

Plaintiffs' request for damages." Defendant argues that it should be able to urge the jury to use reason when assessing damages and advise the jury that it does not think Plaintiffs have proved certain elements of damages. Counsels' argument as to damages proved or unproved are not evidence but must conform to the evidence. Counsel are reminded of their ethical obligations under the Indiana Rules of Professional Conduct as well. Argument as to juror's ability to weigh the evidence and what the evidence has or has not shown, within the bounds of counsel's obligations under applicable rules, will not be barred. *See Simpson v. Brewer*, No. 19-CV-00410-NJR, 2021 U.S. Dist. LEXIS 149607, at *14-15 (S.D. Ill. Aug. 9, 2021) ("[W]hether comments during opening statement and closing argument are proper is a matter that the Court must determine in context. It will decide these issues as they arise at trial.") (quoting *Cimaglia,* 2009 WL 499287, at *7 (C.D. Ill. Feb. 25, 2009)).

**II.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiffs' Motion in Limine [DE 142] and **GRANTS** Defendant's Motion in Limine [DE 139], as described above.

So ORDERED this 29th day of June, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record